UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH HARDEN,

    Plaintiff,

vs.
                                          Case No. 05-CV-73521
                                          HON. GEORGE CARAM STEEH

PRODUCE PALACE,

    Defendant.

_____/

### ORDER DISMISSING PLAINTIFF'S COMPLAINT
### FILED WITHOUT LEAVE IN VIOLATION OF COURT ORDER

    Plaintiff Kenneth Harden, appearing pro per, filed a two-page form "COMPLAINT AND MOTION FOR OTHER RELIEF" on September 14, 2005, alleging that defendant Produce Palace, located at 29300 Dequindre, Warren, Michigan, 48092, is liable under Title VII of the Civil Rights Act of 1964 for unspecified disability discrimination in employment that allegedly occurred on May 1, 2004 and July 29, 2004.  These identical claims were previously before this court in Case No. 05-CV-70559, and were dismissed without prejudice for failure to prosecute, as explained in a seven-page July 17, 2005 Order of Dismissal.  The July 17, 2005 Order further provides:

> Plaintiff is also hereby RESTRAINED AND ENJOINED from: (1) with the exception of a timely motion for reconsideration or notice of appeal, filing further written submissions  in this lawsuit, and; (2) filing a new action in the United States District Court for the Eastern District of Michigan, against defendant Produce Palace or any affiliates, owners, officers, directors, agents, partners and/or employees of Produce Palace, without first obtaining leave of this court to file the action.  See Feathers v. Chevron U.S.A., Inc., 141 F.3d 264, 269 (6th Cir. 1998) (authorizing district court to enjoin filing of further lawsuits without further obtaining leave of court); Filipas v. Lemons, 690 F.2d 1145, 46 (6th Cir. 1987) (same).  To obtain leave, plaintiff Kenneth Harden MUST initially comply with the following express requirements: (1) Harden must file a properly captioned  "Motion Pursuant to Court Order

> Seeking Leave to File Complaint," and must attach a copy of this Order to the motion; (2) as an additional exhibit to that motion, Harden must also attach a declaration prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying the names and addresses of the persons to be served with a summons and copy of the new complaint, and facts demonstrating such persons competent to accept service of process on behalf of defendant Produce Palace or any affiliates, owners, officers, directors, agents, partners and/or employees of Produce Palace; (3) as an additional exhibit to the motion, Harden must also attach documentary evidence establishing Produce Palace's alleged corporation status (if in fact Produce Palace is a corporation) and the officers and directors of Produce Palace; (4) as an additional exhibit to the motion, Harden must also attach a properly captioned proposed complaint. Failure to comply with the terms of this Order may itself be grounds for denying any motion for leave to file a new complaint, and compliance with this Order shall not, of itself, constitute grounds for granting leave to file a new complaint.

Order, Harden v. Produce Palace, 05-CV-70559 (#42), 6-7, E.D. Mich (July 17, 2005).

Plaintiff's filing of the instant lawsuit is in violation and complete disregard of the July 17, 2005 Order dismissing his prior lawsuit. Accordingly,

Plaintiff's claims are hereby DISMISSED, rendering plaintiff's applications for appointment of counsel and IFP status MOOT.

SO ORDERED.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: October 24, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on October 24, 2005, by electronic and/or ordinary mail.

s/Josephine Chaffee
Secretary/Deputy Clerk

2